UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

DANTE THEODORE FERRIGNO, )
   **Plaintiff,** )
                                     )
v.                                            ) Case No.:
                                     )
REMINGTON'S PRIME OCALA, )
LLC, )
   **Defendant.** )
_____ )
                                     )

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, DANTE THEODORE FERRIGNO ("Plaintiff" or "Dante"), by and through undersigned counsel, files this Complaint against Defendant, REMINGTON'S PRIME STEAKHOUSE, LLC. ("Defendant" or "REMINGTON'S"), and alleges as follows:

NATURE OF THE CASE

1. This is an action for discrimination on the basis of age, creation of a hostile work environment, and retaliation in violation of the Age Discrimination in Employment Act of 1967 ("ADEA").

2. Plaintiff seeks damages, equitable relief, costs, and reasonable attorney's fees as allowed by law.

1

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 because this case arises under federal statutes including Title VII and the ADEA.

4. This Court has supplemental jurisdiction over Plaintiff's claims arising under Florida law pursuant to 28 U.S.C. § 1367

5. Venue is proper in this district under 28 U.S.C. § 1391 because the unlawful employment practices alleged herein occurred within the Middle District of Florida, specifically in Ocala, Marion County, Florida.

## PARTIES

6. Plaintiff is an individual over the age of forty, residing in Dunnellon, Marion County, Florida.

7. Defendant is a Florida limited liability company operating Remington's Prime Steakhouse in Ocala, Florida. At all relevant times, Defendant employed more than 20 employees and was Plaintiff's employer within the meaning of the ADEA.

## FACTUAL ALLEGATIONS

8. Plaintiff was 51 years old at the time of the adverse employment actions described herein.

9. Defendant hired Plaintiff on December 7, 2023, as a server at its Ocala, Florida location.

10. Plaintiff came to the job enthusiastic and highly committed, even volunteering to assist with construction clean-up and preparation months before the restaurant's opening.

11. During initial training and the period leading up to the restaurant's launch, the front-of-house manager, Tammy Angelidakis, spoke positively about Plaintiff's performance, indicating she viewed him as a potential candidate for leadership.

12. However, once the restaurant opened on February 16, 2024, Plaintiff began to experience a sudden and unexplained shift in how he was treated. Management, led by owner and general manager Cindi Nicholson, subjected Plaintiff to disparate and unfavorable treatment because of his age.

13. Plaintiff was consistently assigned smaller sections with fewer tables than younger servers, restricted to guests less likely to spend or tip well, and denied access to larger parties with larger tipping potential.

14. Meanwhile, Ms. Nicholson intentionally directed lucrative, well-known, high-spending customers to younger male employees whom she favored, routinely giving them double the number of tables Plaintiff received.

15. From the very beginning, Ms. Nicholson created an environment that made Plaintiff feel he was underperforming, despite punctuality, strong work ethic, and top scores on employee knowledge tests.

16. Plaintiff performed exceptionally well in all training evaluations, including achieving the highest score on a bar offerings test, and customers routinely praised his service in reviews and direct comments.

17. Plaintiff and Kevin Hodge, another server of the same age (51), both recognized they were being marginalized and subjected to a hostile work environment intended to push them to resign.

18. Mr. Hodge eventually filed an internal grievance. During discussions of that grievance, Ms. Nicholson explicitly named Plaintiff three separate times as the employee she wanted to resign, underscoring her targeting of older employees.

19. A newly hired server later told Plaintiff that during his interview, Ms. Nicholson had stated she was trying to get rid of a male server who "just won't quit," referring to Plaintiff.

20. On May 25, 2024, Plaintiff suffered a workplace injury that left him with reduced use of his left hand. Defendant refused to allow him to return to work until he could be seen by a neurologist, which took two months due to delays by Defendant's worker's compensation insurer.

21. On July 25, 2024, the neurologist cleared Plaintiff to return to work, noting that while Plaintiff still lacked feeling in his thumb, it was expected to improve within six months.

22. Plaintiff promptly informed Ms. Nicholson and provided the medical release. Ms. Nicholson initially responded that she would "look into it."

23. However, on July 30, 2024, Ms. Nicholson texted Plaintiff stating there were no positions available, that his position had been replaced due to his absence, and that he could "check back in the fall."

24. Shortly thereafter, Plaintiff discovered that Defendant was actively advertising for server positions on Indeed.com, seeking new employees for the very role he had held.

25. Eddie Garcia, the manager who replaced Nicole Talsky, later confirmed that Ms. Nicholson was intentionally blocking Plaintiff's return and had engaged in similar manipulation of staffing, assignments, and hiring decisions based on age, body size, and race.

26. Believing he had been discriminated against based on age and subjected to a hostile work environment and retaliation, Plaintiff filed a charge of discrimination with the Florida Commission on Human Relations ("FCHR"),

which was dual-filed with the Equal Employment Opportunity Commission ("EEOC").

27. On April 21, 2025, the EEOC issued Plaintiff a Notice of Right to Sue based on his charge of age discrimination and hostile work environment.

28. Plaintiff has timely filed this action within ninety (90) days of receiving the Notice of Right to Sue.

29. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered lost wages, lost employment benefits, significant emotional distress, humiliation, mental anguish, and other consequential damages.

**COUNT I - Age Discrimination in Violation of the ADEA (29 U.S.C. § 621 et seq.)**

30. Plaintiff realleges and incorporates paragraphs 1 through 29 as if fully set forth herein.

31. Plaintiff was over forty years of age at all times relevant and thus a member of a protected class under the ADEA.

32. Defendant discriminated against Plaintiff because of his age by subjecting him to disparate treatment, assigning him fewer tables, smaller sections, and less profitable customers, while granting younger servers significantly more advantageous assignments.

33. Defendant created and perpetuated a workplace culture in which older employees, including Plaintiff and his colleague Kevin Hodge, were denied earning opportunities that were readily given to younger workers.

34. Despite Plaintiff's age, Plaintiff was capable of performing all essential functions of his job and did so exceptionally well.

35. Defendant refused to allow Plaintiff to return to work following his injury because Defendant wanted to replace Plaintiff with a younger employee.

36. Defendant replaced Plaintiff with a younger employee because Defendant preferred younger employees.

37. Defendant was motivated by Plaintiff's age when it assigned higher earning opportunities to younger employees and when it refused to allow Plaintiff to return to work following his workplace injury.

38. Plaintiff suffered damages by Defendant's actions of giving higher earning opportunities to younger employees and terminating Plaintiff's employment.

39. As a direct result, Plaintiff suffered damages including loss of pay, benefits, emotional pain, humiliation, and inconvenience, for which Defendant is liable.

## COUNT II
## WORKERS' COMPENSATION RETALAITION (Fla. Stat. 440.205)

40. Plaintiff realleges and incorporates paragraphs 1 through 29 as if fully set forth herein.

41. Plaintiff suffered a workplace injury while working for Defendant.

42. Plaintiff informed Defendant of his workplace injury and intention to seek medical treatment and care.

43. Plaintiff sought workers' compensation benefits and filed a workers' compensation claim.

44. Defendant was upset that Plaintiff sought medical treatment and care for a workplace injury.

45. Defendant terminated Plaintiff because he sought medical treatment and care for a workplace injury.

46. Plaintiff suffered damages as a direct result of the termination.

## PRAYER FOR RELIEF

47. WHEREFORE, Plaintiff requests an award of damages against Defendant including back pay, front pay, compensatory damages, punitive damages, attorney's fees, court costs, and interest, as well as other such relief this Court deems proper.

## DEMAND FOR JURY TRIAL

48. Plaintiff hereby demands a trial by jury on all issues so triable.

DATED: July 21, 2025.

Respectfully submitted,

**S/ Kyle J. Lee**
Kyle J. Lee, Esq.
FLBN: 105321
LEE LAW, PLLC
1971 West Lumsden Road, Suite 303
Brandon, Florida 33511
Telephone: (813) 343-2813
Kyle@KyleLeeLaw.com